*Northern District*
### No. 6046
### DONALD ALBION
### v.
### ABEL FORD, INC.
### and
### ABEL FORD SALES, INC.

*Present*: Brooks, P. J. & Yesley, J.

Case tried to *Whitney, J.* in the First District Court of Southern Middlesex. No. 431 of 1963.

*Brooks, P. J.* This case was argued before this Division on March 3, 1965. Thereafter the trial judge was requested by this Division to amplify his report and decision. This he has done as follows:

The declaration, set forth for the first time, contains four counts in tort.

*Count* 1. Plaintiff alleges that he was assaulted and abused by agents, servants or/and employees of defendant Abel Ford, Inc. whereby ,he was greatly terrified, hurt and suffered great pain and distress both in body and mind etc.

*Count* 2. Plaintiff alleges that with force and violence and against his will he was restrained of his personal liberty by agents, servants or/and employees of Abel Ford, Inc. whereby he was greatly terrified, hurt and suffered great pain and distress both in body and mind etc.

*Count* 3. Alleges the same tortious acts as in Count 1 against defendant Abel Ford Sales, Inc.

*Count* 4. Alleges the same tortious acts as in Count 2 against defendant Abel Ford Sales, Inc.

The Supplementary Report further contains the following:

"It was the finding of the trial justice the plaintiff had proven by a preponderance of the evidence that the allegations contained in Counts 2 and 4 were true and damages were assessed in the amount of $500.00. By the words 'Total Finding $501.00' set forth in the trial justice's findings and rulings it was the intention of the court that there should be one satisfaction only of $501.00, but that the plaintiff could collect from either of the defendants."

■ The Supplementary Report also sets forth interrogatories to both defendants and their answers from which it appears that both defendants controlled and operated the service yard and service building at premises known as Abel Ford, Inc. on Beach Street, Revere; also that both defendants controlled the service department at premises known as Abel Ford Sales, Inc. on Beach Street, Revere.

■ The Supplementary Report goes on as follows:

"With respect to the "Defendant's Request for Rulings', the trial justice admits it was error on his part at the trial not to notice that the request read 'Defendant's' and not 'Defendants' '. In making his rulings the trial justice treated the requests as being those of both defendants. Furthermore, at the conference with counsel with reference to my report, this point was not brought up by counsel for either party. It is respectfully submitted that while this was error, it was not prejudicial error.

"At the trial there was no evidence as to which of the two defendant corporations paid the wages of the defendants' employee Trulli.

"It is the opinion of the trial judge that the defendants in this case should not be allowed to thwart justice by the legal gymnastics of jumping from one corporation to the other. As stated in the original findings of this court both defendant corporations had the same president and the agents, servants and employees of each defendant were, for all practical purposes, the agents, servants and employees of both defendants.

"It is respectfully submitted that an execution in the amount of $1.00 on Count 1 and $500.00 on Count 2 should issue against the defendant Abel Ford, Inc. and that an execution in the amount of $1.00 on Count 3 and in the amount of $500.00 on Count 4 should issue against the defendant Abel Ford Sales Company, Inc. with the stipulation that there should be satisfaction only on one of the two executions."

In view of the above and of the evidence set forth in the judge's original report, which need not be repeated here, this Division concurs in the findings of the trial court also in its disposition of defendant's requests for rulings. These requests and the disposition thereof were as follows:

"1. On all the evidence and the law, a finding for the defendant is legally justified."

"2. The defendant had the legal right to detain

the plaintiff for a reasonable time and in a reasonable manner to investigate the circumstances of the unpaid bill."

"3. The fact that the plaintiff was free to leave the premises at all times warrants a legal finding that no act of false imprisonment was committed by the defendant or its agents, servants or employees."

"4. No special damages for an assault or battery and for false imprisonment can be recovered in the absence of a special allegation in the pleadings."

"5. Failure on the part of the plaintiff to show pecuniary loss for the time lost as a result of any false imprisonment entitles the plaintiff only to nominal damages."

"6. The defendant as a garage keeper was entitled to have a lien on the plaintiff's vehicle for the repairs done to the same and such lien remained in effect as long as the defendant had physical possession of the vehicle."

"7. That the plaintiff is entitled to recover from only the defendant responsible for the alleged acts and cannot recover against each defendant for the same acts."

"8. Failure on the part of the plaintiff to distinguish which defendant caused these acts for which the plaintiff alleges, legally justifies a finding for the defendant."

"The court *denied* the defendants' requests ##2, 3, 5, 7 and 8 and *allowed* ##1, 4 and 6."

The court found for plaintiff on counts #1 and #3 in the amount of $1.00 and for the

plaintiff on counts #2 and #4 in the amount of $500.00,—total finding $501.00.

Accordingly the report and the supplementary report are to be dismissed.

Simon Schwartz, of Boston, for the Plaintiff.

Robert E. Galvin, of Boston, for the Defendant.